NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
PALMISTE GROUP, LLC,                :
                                    :
                Petitioner,         :
        v.                          :   Civil Action No.: 3:16-cv-5763-BRM-TJB
                                    :
PARIVESH PRAKASH,                   :
                                    :   **OPINION**
                Respondent.         :
_____:

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Petitioner Palmiste Group, LLC's ("Petitioner") Motion to Vacate the Arbitration Award. (ECF No. 5.) *Pro se* Respondent Parivesh Prakash ("Respondent") opposes the Motion. (ECF No. 4.)[1] The Court, having reviewed the parties' submissions and having heard oral argument pursuant to Federal Rule of Civil Procedural 78 on March 6, 2017 (ECF No. 8), for the reasons discussed below, Petitioner's Motion is **DENIED**.

**I.   BACKGROUND**

On or around December 11, 2013, the parties entered into a Memorandum of Understanding and User Agreement. (Mem. of Und. (ECF No. 5-1); User Agr. (ECF No. 5-2).) Petitioner asserts the User Agreement required any dispute between the parties be resolved through arbitration before the American Arbitration Association ("AAA").[2] (ECF No. 5 at 2.)

---

[1] The Court construes Respondent's Answer as an opposition to the Motion in light of its decision to consider the Motion timely filed. *See* note 3, *infra*.

[2] A review of the User Agreement shows a JAMS arbitrator was to be appointed. (ECF No. 5-2, section 16.) This does not appear to be material to the Motion, however.

1

Following an alleged breach of the parties' agreements, the dispute was referred to arbitration, and on June 16, 2016, Arbitrator Richard J. DeWitt of AAA (the "Arbitrator") was appointed. (ECF No. 5 at 4-6.) The parties sent him over 2700 "exchanges" for his review. (Letter, dated June 17, 2016 (ECF No. 5-3).) In response, the Arbitrator sent a letter to the parties requesting more specific documents. (*Id.*) In particular, he noted: "[S]ince there are over 2700 such exchanges which I obviously cannot review – [i]f there is any specific exchange the[ parties] would like me to review they should . . . submit it with their other submissions." (*Id.*; *see* Arbitration Award (ECF No. 5-4) at ¶¶ 10-11.) Nevertheless, the parties did not submit any additional papers to the Arbitrator because, as Petitioner notes, "the entire volume of documents submitted needed to be reviewed in context, and in their entirety, as a thread of communications back and forth between the parties." (ECF No. 5 at 3; *see* ECF No. 5-4 at ¶¶ 10-11.)

On July 7, 2016, the Arbitrator rendered an award in favor of Respondent, denying the refund sought by Petitioner. In the Arbitration Award, the Arbitrator explained Petitioner had the burden of proof but failed to provide compelling documentation in support of its position and in response to the Arbitrator's request for more specific documentation. (ECF No. 5-4.) Copies of the Arbitration Award were sent to the parties on or about July 8, 2016. (Letter, dated July 8, 2016 (ECF No. 5-5).)

On September 23, 2016, Petitioner filed the Petition to Vacate the Arbitration Award (ECF No. 1) and on October 12, 2016, Respondent filed an Answer to the Petition (ECF No. 4). Thereafter, the Court permitted Petitioner to file its Motion to Vacate the Arbitration Award, which was filed on January 28, 2017. (ECF No. 5.)[3]

---

[3] During oral argument, the Court found Petitioner's motion was timely filed and would, therefore, be decided on the merits. To vacate an arbitration award, a "[n]otice of motion to vacate . . . an award must be served upon the adverse party or his attorney within three months after the award

## II. LEGAL STANDARD

A district court's review of an arbitration award is narrow, and a district court can only vacate the award in limited circumstances. 9 U.S.C. §§ 9, 10; *see Major League Umpires Ass'n v. Am. League of Prof. Baseball Clubs*, 357 F.3d 272, 279-80 (3d Cir. 2004). For example, this Court may vacate an arbitration award is "where arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3). "Misconduct," as required by Section 10(a)(3), "will not be found 'unless the aggrieved party was denied a fundamentally fair hearing.'" *Vitarroz Corp. v. G. Willi Food Int'l Ltd.*, 637 F. Supp. 2d 238, 248 (D.N.J. 2009) (quoting *Sherrock Bros. v. DaimlerChrysler Motors Co., LLC*, 260 Fed. App'x 497, 501 (3d Cir. 2008) (quoting *Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.*, 397 F.2d 594, 599 (3d Cir. 1968))). Thus, where a petitioner alleges the arbitrator excluded relevant evidence, he must also allege he was denied a fundamentally fair hearing as a result. *Office & Prof'l Employees Int'l Union, Local No. 471 v. Brownsville Gen. Hosp.*, 186 F.3d 326, 335 (3d Cir. 1999) (citing *Hoteles Condado Beach, La Concha & Convention Ctr. v. Union De Tronquistas Local 901*, 763 F.2d 34, 40 (1st Cir. 1985) ("Vacatur is appropriate only when the exclusion of relevant evidence so affects the rights of a party that it may be said that he was deprived of a fair hearing.")).

Section 10(a)(3) does not mandate this Court find every failure by an arbitrator to receive relevant evidence constitutes misconduct. *Vitarroz Corp.*, 637 F. Supp. 2d at 248; *Sherrock Bros.*, 260 Fed. App'x at 501 (quoting *Newark Stereotypers' Union No. 18*, 397 F.2d at 599). In fact, Section 10(a)(3) does not require arbitrators to hear all evidence proffered to them; an arbitrator is

---

is filed or delivered." 9 U.S.C. § 12. Here, the Petition satisfies the notice requirements of the Motion, because the Petition was filed within three months of the Arbitration Award and Respondent acknowledged the Petition by answering it.

only required to provide parties with "an adequate opportunity to present its evidence and argument." *Vitarroz Corp.*, 637 F. Supp. 2d at 248 (quoting *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997)).

## III.  DECISION

Petitioner moves to vacate the arbitration award pursuant to 9 U.S.C. § 10 on the basis that the Arbitrator ignored certain documents, including the agreements between the parties. Petitioner asserts it provided compelling documentation to support its position on June 22, 2016, but the Arbitrator refused to review it. Had the Arbitrator properly evaluated these submissions, Petitioner argues, they would have compelled the Arbitrator to find in its favor. Petitioner contends this is a simple case because 9 U.S.C. § 10 expressly requires vacation of the award.

Petitioner oversimplifies his burden on this Motion and fails to allege it was denied a fundamentally fair hearing as a result of the Arbitrator's alleged refusal to review evidence. Mere assertions of misconduct are insufficient; Petitioner must allege the denial of a fundamentally fair hearing. *Sherrock Bros.*, 260 Fed. App'x at 501; *Office & Prof'l Employees Int'l Union, Local No. 471*, 186 F.3d at 335; *Newark Stereotypers' Union No. 18*, 397 F.2d at 599; *Vitarroz Corp.,* 637 F. Supp. 2d at 248; *see also Hoteles Condado Beach, La Concha & Convention Ctr*, 763 F.2d at 40.

Further, Petitioner was provided multiple opportunities to present evidence before the Arbitrator. The Arbitrator, having received the parties' evidence, requested the evidence be limited to the most pertinent documents. Neither party took advantage of this opportunity, nor did the Arbitrator engage in misconduct by failing to review the parties' entire submissions.[4] *See Vitarroz*

---

[4] It is unclear from the record the extent to which the Arbitrator reviewed the "exchanges." Despite his request for additional information, the Court cannot know which evidence was reviewed prior to issuing the award. Nonetheless, the Arbitrator acted within his discretion to find the Petitioner

4

*Corp.*, 637 F. Supp. 2d at 248. (citing *Tempo Shain Corp.*, 120 F.3d at 20). Significantly, no evidence was excluded and neither party was prohibited from proffering evidence. *Id.* (citing *Tempo Shain Corp.*, 120 F.3d at 20). Thus, Petitioner was not denied a fair hearing and vacatur of the award is inappropriate. *See id.*; *see also Sherrock Bros.*, 260 Fed. App'x at 501 (quoting *Newark Stereotypers' Union No. 18*, 397 F.2d at 599).

The Motion is **DENIED**. An appropriate Order will follow.

Date: March 8, 2017 */s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT COURT**

---

"provided no compelling documentation" to overcome his burden, and such a decision is beyond this Court's limited review. *See Vitarroz Corp.*, 637 F. Supp. 2d at 243-44; *see also Major League Umpires Ass'n*, 357 F.3d at 280 ("In reviewing an arbitration award, courts "do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts." (quoting *Tanoma Mining Co. v. Local Union No. 1269, United Mine Workers of Am.*, 896 F.2d 745, 747 (3d Cir. 1990))).

5